RUTH H. SOMMER *vs.* FREDERICK W. BARR.

JUNE 8, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

JOSLIN, J. This action of trespass and ejectment was tried before a justice of the superior court sitting with a jury and resulted in a verdict for the plaintiff. The case is here on the defendant's exceptions to portions of the charge given by the trial justice to the jury, to his refusal to give to the jury certain requested instructions, and to his denial of a motion for a new trial. Since only his exception to one portion of the charge as given was briefed by the defendant, his other exceptions are deemed to have been waived. At the request of the parties we granted leave to submit the case on briefs without oral argument.

It appears that defendant was a tenant under an oral lease of certain premises in which plaintiff had a life estate. The testimony as to the nature of that tenancy is in conflict. For plaintiff it is that defendant was a month-to-month tenant; for defendant, that he held an oral lease for the duration of plaintiff's life estate. The trial justice upon plaintiff's request directed the jury to return special findings on the nature of the tenancy and the jury found that defendant held as a tenant from month to month.

The jury were instructed in pertinent part that if they found that the term of the lease was measured by plaintiff's lifetime, then the agreement of lease standing by itself would be void because not in writing as required by law and that in such event they could find for plaintiff only if there had been a partial performance. It is the exception to that instruction which defendant presses contending that a lessor may be charged on an oral lease for the lifetime of a lessor and that such a lease not necessarily being for a

longer period than one year is not within the statute of frauds.

Assuming without deciding that there is merit in that contention, defendant was not injured thereby since the jury by their special finding that defendant held as a month-to-month tenant were precluded from reaching the question of whether an oral lease for the lifetime of another had been partially performed so as to remove it from the statute of frauds. It follows that the instruction excepted to, even if erroneous, resulted in no harm to defendant. *Moore* v. *Waterbury Tool Co.,* 124 Conn. 201, 215; *Wolfson* v. *Baltimore Bank,* Mo. App., 157 S.W.2d 560, 567. See *Lanni* v. *United Wire & Supply Corp.,* 87 R. I. 121, 124, *Henderson* v. *Dimond,* 43 R. I. 60, 64, and *Oliver* v. *Pettaconsett Construction Co.,* 36 R. I. 477, 486.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Orme, Sullivan & Pederzani, Leo J. Sullivan,* for plaintiff.

*J. Frederick Murphy,* for defendant.